UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:    -CIV

SONIA CORDERO

    Plaintiff,

v.

THOMAS PRODUCE COMPANY

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, SONIA CORDERO (hereafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues Defendant, THOMAS PRODUCE COMPANY, (hereafter "Defendant"), and in support avers as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or costs for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., and Section 760.10 of the Florida Statutes to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of gender and sexual harassment found on Plaintiff's complaint of discrimination in the workplace.

2. Plaintiff is a resident of Palm Beach County, Florida and Defendant is situated in Palm Beach, Florida, within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business Palm Beach County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Defendant is a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et.seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

9. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq.

10. At all times material hereto Defendant is an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

11. At all times hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

12. Plaintiff is a female former employee of the Defendant is a member of a class of persons protected from discrimination in her employment.

13. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. On or around November of 2014, the Plaintiff began to work for the Defendant as a vegetable packer.

16. The Plaintiff was hired by supervisors Fabiola Zamora and Jose Sanchez.

17. The Plaintiff continued to work as a vegetable packer until the Plaintiff was transferred by the Defendant to a cleaning position which occurred around November of 2019.

18. On or around December of 2019, the Plaintiff began to work with the Supervisor called "Pinga" which is a slang for penis in Spanish.

19. The Supervisor verbally expressed sexual desires for and to the Plaintiff and threaten the Plaintiff's position with the company if the Plaintiff did not give up her "ass".

20. The Supervisor changed her workplace around because the Plaintiff did not acknowledge the Supervisor's sexual advances.

21. The Supervisor continued his sexual misconduct towards the Plaintiff. The Plaintiff told the Supervisor not to make sexual advances and the Supervisor laughed in response.

22. The Plaintiff informed the hiring supervisor named Jose Sanchez of the Supervisor, Pinga's, sexual misconduct towards the Plaintiff. Jose Sanchez replied to the Plaintiff that the Supervisor named "Pinga" likes to do that.

23. On one occasion at work, the Supervisor silently approached the Plaintiff from behind and physically touched the Plaintiff's neck. The Plaintiff "freaked out" after the Supervisor touched the Plaintiff's neck and commanded the Supervisor to not physically touch the Plaintiff.

24. The Supervisor told the manager named Kenny that the Plaintiff is not working well because the Supervisor did not like that the Plaintiff continued to not acknowledge the supervisors' sexual advances.

25. On or around April 21, 2020, the Plaintiff was terminated without reason despite the fact the Plaintiff worked for the company for six years with excellent performance throughout the Plaintiff time working for the Defendant.

26. As a result of Defendant's discriminatory and retaliatory treatment of the Plaintiff based on her sex, the Plaintiff has suffered damages and was forced to retain undersigned counsel.

## COUNT I
## SEXUAL HARASSMENT

27. Plaintiff reasserts her allegations in paragraph 1-26 as fully set forth herein.

28. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1) It shall be an unlawful employment practice for an employer:
>
>> (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

29. As part of its prohibitions, Title VII prohibits sexual harassment.

30. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance violation of Title VII.

31. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female) and constituted actionable sexual harassment.

32. Defendant's alleged basis for its adverse conduct against Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

33. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

34. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

35. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

36. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

## COUNT II
## SEX/GENDER DISCRIMINATION

37. Plaintiff reasserts her allegations in paragraph 1-26 as fully set forth herein.

38. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1)  It shall be an unlawful employment practice for an employer:

        (b) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

39. Title VII accordingly prohibits discrimination based on sex.

40. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

41. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

42. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

43. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

44. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

45. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
## SEXUAL HARASSMENT UNDER THE FCRA

46. Plaintiff reasserts her allegations in paragraphs 1- 26 as fully set forth herein.

47. Section 760.10 of the FCRA states in relevant part:

> "(1) It is unlawful employment practice for an employer:
>
>> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

48. As part of its prohibitions, the FCRA prohibits sexual harassment.

49. The conduct to which Plaintiff was subjected to was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

50. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female) and constituted sexual harassment.

51. Defendant's alleged bases for its adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

52. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff.

53. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

54. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

55. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages.

## COUNT IV
## SEX/GENDER DISCRIMINATION UNDER FCRA

56. Plaintiff reasserts her allegations in paragraphs 1-26 as fully set forth herein.

57. Section 760.10 of the FCRA states in relevant part

> (1) It is an unlawful employment practice for an employer:
>
>> (b) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

58. The FCRA accordingly prohibits discrimination based on sex.

59. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which female individuals were not and would not have been subjected, in violation of the FCRA.

60. Defendant's alleged bases for its adverse conduct against the Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

61. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors of Defendant's adverse conduct toward Plaintiff.

62. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost

wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

63. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

64. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of the FCRA.

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964
### (42 .S.C. §§ 2000e et al.)

65. Plaintiff repeats and realleges paragraphs 1 -26 hereof, as if fully set forth herein.

66. Plaintiff engaged in protected activity by refusing sexual advances from Bernal discriminatory treatment based on Plaintiff's sex. Specifically, Plaintiff told Bernal to not touch her and Bernal responded that she will be fired, and she was fired.

67. Plaintiff suffered damages as a result of Defendant unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action. [OTHER MONETARY DAMAGES OR EQUITABLE RELIEF SOUGHT.]

68. Defendant intentionally violated Plaintiff rights under Title VII, with malice or reckless indifference, and, as a result, [is/are] liable for punitive damages.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury

Respectfully submitted

GALLARDO LAWOFFICE, P.A.

8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223